IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PHYLLIS ELLIS, as Administratrix of the Estate of TERRANCE JENKINS, | ) ) ) | |
| | ) | Case No. 17-cv-1254 |
| Plaintiff, | ) ) | |
| v. | ) ) | Honorable Judge Joe Billy McDade |
| RANDY PFISTER, et al., | ) ) ) | |
| Defendants. | ) | |

**Agreed Confidentiality Order**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order, and there being good cause to support its entry, it is ORDERED:

1.  **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, documents produced pursuant to subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information or documents designated "Attorney Eyes Only" as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  **Confidential Information.** As used in this Order, Confidential Information means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, Federal Rule of Civil Procedure, or by Central District of Illinois Local Rule; (b) medical or mental health information concerning any individual; (c) personal identity information of Illinois Department of Corrections employees; (d) materials in an

1

open IDOC internal investigation file, so long as those Documents or information are not otherwise publicly available; or (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms. Information or documents that are available to the public may not be designated as Confidential Information.

   3. **Attorney Eyes Only**. As used in this Order, "Attorney Eyes Only" means information designated by the producing party that falls within one or more of the following categories: (a) policies pertaining to use of force that are maintained as confidential and are not otherwise publicly available; (b) personnel or employment records of any person; or (c) information that could compromise the safety and security of Illinois Department of Corrections operations, including photographs taken inside Pontiac Correctional Center.

   4. **Designation.**

       **(a)** A party may designate a document as Confidential Information or Attorney Eyes Only for protection under this Order by placing or affixing, respectively, the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY EYES ONLY" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or

"ATTORNEY EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)** The designation of a document as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in paragraph 2 in this order.[1]

**(c)** The designation of a document as "ATTORNEY EYES ONLY" is a certification by an attorney or a party appearing pro se that the document contains information consistent with the categories set forth in paragraph 3 in this order.

**4.    Depositions.**

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY EYES ONLY" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information as defined in paragraph 2 in this order, or information consistent with the categories set forth in paragraph 3 in this order. Deposition testimony so designated shall be treated as information that is Confidential Information that is protected by this order until twenty-eight days after delivery of the transcript by the court reporter to any party or the witness. Within twenty-eight days after delivery of the transcript, a designating party may serve a Notice of

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL" - SUBJECT TO PROTECTIVE ORDER or "ATTORNEY EYES ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in the Central District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

  **5.**  **Protection of Confidential or Attorney Eyes Only Material.**

    **(a)**  **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

    **(b)**  **Limited Third-Party Disclosures of information designated "CONFIDENTIAL".** The parties and counsel for the parties shall not disclose or permit the disclosure of any information designated as "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review information designated as "CONFIDENTIAL":

      (1)  Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

      (2)  Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

      (3)  The Court and its personnel;

      (4)  Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

      (5)  Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary, *provided that* such witnesses and counsel shall be provided with copies of this Agreed Confidentiality Order prior to or at the outset of the deposition and that such witnesses, on the record at the deposition, shall be informed that he, she or it (and the witness's counsel, if any) must agree to be bound by the terms of this Order by virtue of an order of the Court, and shall be requested to execute the Attachment A prior to disclosure. Counsel for the Producing Party shall be shown the Discovery Material designated as "CONFIDENTIAL" to be used at a deposition prior to providing the Discovery Material to the witness. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(9) Inmate witnesses who were interviewed during the IDOC investigation and whose statements are included in the Confidential Materials may be shown a copy of their own statement but not any other inmate witness statements. To the extent it is deemed necessary during a deposition, inmate witnesses may be allowed to review other portions of Confidential Materials (not to include the statements of other inmate witnesses) but will not be allowed to keep or possess any Confidential Materials; and

(10) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c) Limited Third Party Disclosures of Information designated as "Attorney Eyes Only."** Counsel for the parties shall not disclose or permit the disclosure of any information

5

designated as Attorney Eyes Only to any third person except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review information designated as Attorney Eyes Only:

    (1)    Counsel. Counsel of record and employees of counsel engaged in this action, who shall use such information solely for the purposes of this litigation;

    (2)    The Court and its personnel;

    (3)    Court reporters and recorders engaged for depositions;

    (4)    Witnesses at Depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary, ***provided that*** such witnesses and counsel shall be provided with copies of this Agreed Confidentiality Order prior to or at the outset of the deposition and that such witnesses, on the record at the deposition, shall be informed that he, she or it (and the witness's counsel, if any) must agree to be bound by the terms of this Order by virtue of an order of the Court, and shall be requested to execute the Attachment A prior to disclosure. Counsel for the Producing Party shall be shown the Discovery Material designated as "CONFIDENTIAL" to be used at a deposition prior to providing the Discovery Material to the witness. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Attorney Eyes Only pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. The deposing party may propose the use of Attorney Eyes Only information for use during the deposition of a witness if such Attorney Eyes Only information is considered by the deposing party's counsel, in good faith, to be reasonably necessary for the taking of the deposition. If Attorney Eyes Only information is used in a deposition of a witness, that deposition shall be sealed. Any Attorney Eyes Only information will not be attached as an exhibit to the deposition and the witness will not retain a copy of any of the Attorney Eyes Only information.

    (5)    Any party intending to use a document marked "ATTORNEY EYES ONLY" in a deposition of a current or former IDOC prisoner shall notify opposing counsel of the intended use at least three (3) days prior to the deposition. If counsel objects to the use of the document in the manner described in paragraph (4) above, counsel who marked the document "ATTORNEY EYES ONLY" shall provide a redacted version

6

suitable for use at least one (1) day prior to the deposition if that may be done.[2]

(6)   Expert Witnesses and Consultants. Expert Witnesses and Consultants retained by the parties shall use such information solely for the purposes of this litigation, provided that the Expert Witness or Consultant sign a confidentiality agreement in the form attached hereto as "Exhibit A" prior to receiving any Attorney Eyes Only information, documents or things.

(7)   Others by consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(d)   Under no circumstances, absent an alternative agreement of counsel that shall be made in writing, shall the attorney of record receiving information designated as Attorney Eyes Only disclose such information to his or her client(s) or allow his or her client(s) to access such information.

**(g)   Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Attorney Eyes Only Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**6.   Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential or Attorney Eyes Only Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential or Attorney Eyes Only

---

[2] To ensure that counsel for all parties are aware which "ATTORNEY EYES ONLY" designations are made on the basis of potential safety or security concerns, counsel for the producing party shall notify all other counsel when the "ATTORNEY EYES ONLY" designation is being made on the basis that the information could compromise the safety and security of IDOC operations.

Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Attorney Eyes Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Attorney Eyes Only Information.

**7.     Filing of Confidential or Attorney Eyes Only Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential or Attorney Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with the procedures set forth by the Court, the Local Rules, the Federal Rules of Civil Procedure, and/or any other applicable rules.     **8.     No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9.     Challenges by a Party to Designation as Confidential Information.**   The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a)     Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality or Attorney Eyes Only designation was not proper and must give

the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b)** **Judicial Intervention.** A party that elects to challenge a confidentiality or Attorney Eyes Only designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential or Attorney Eyes Only Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential or Attorney Eyes Only Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Attorney Eyes Only Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential or Attorney Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Attorney Eyes Only Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Attorney Eyes Only Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Attorney Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Obligations on Conclusion of Litigation.**

    **(a)** **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b)** **Obligations at Conclusion of Litigation.** Within sixty-three days after

dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY EYES ONLY" under this Order, including copies as defined in ¶ 4(a), shall be destroyed to the extent practicable. The parties shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or draft or final expert reports.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

14. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. In the event such an application is made, all persons described herein shall be bound by the terms of this Protective Order unless and until it is modified by the Court.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing

herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated:  December 1, 2017

s/ Jonathan E. Hawley
Honorable Magistrate Judge Jonathan Hawley

WE SO MOVE
and agree to abide by the
terms of this Order

WE SO MOVE
and agree to abide by the
terms of this Order

*/s/ Sarah Grady (with consent)*
Sarah C. Grady
Loevy & Loevy
311 North Aberdeen Street, Third Floor
Chicago, Illinois 60607
Telephone: (312) 243-5900
Email: sarah@loevy.com

*Counsel for Plaintiff*

*/s/Lisa A. Cook*
Lisa A. Cook
500 S. Second Street
Springfield, Illinois 62701
Telephone: (217) 557-7081
E-mail: lcook@atg.state.il.us

*Counsel for Defendants*

## ATTACHMENT A

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PHYLLIS ELLIS, as Administratrix of the Estate of TERRANCE JENKINS, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-1254 |
| v. | ) ) | Honorable Judge Joe Billy McDade |
| RANDY PFISTER, et al., | ) ) ) | |
| Defendants. | ) | |

### ACKNOWLEDGMENT
### AND
### AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:   _____

                                _____

                                _____

Date: _____     _____
                                        Signature